FRANK J. WILKINSON, PLAINTIFF-APPELLANT, v. LOUIS
PLAKET, DEFENDANT-APPELLEE.

Submitted May 13, 1927—Decided August 26, 1927.

**Landlord and Tenant—Landlord Appellant Here—Held, That
While There was a Conflict of Evidence There was Proof
Supporting the Finding of the Trial Judge for Defendant,
and it was for Him to Pass Upon the Truth Thereof and the
Weight of the Evidence—Judgment for Defendant Affirmed.**

On appeal from the Atlantic City District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Babcock & Champion.*

For the appellee, no brief.

PER CURIAM.

This is an appeal from a judgment in favor of appellee,
defendant below, in an action for rent.

The facts contended for by appellant are that on October
12th, 1923, Wesley A. Smith, then owner of a building con-
taining a store and an apartment leased the same to the
appellee for one year from October 12th, 1923, to October
12th, 1924, for $480 per year, payable monthly, in advance,
on the twelfth of each month. At the expiration of the term
of the lease, appellee, the tenant, held over from October
12th, 1924, to October 12th, 1925, and upon the expiration
of that term again held over to October 12th, 1926. On
November 6th, 1925, appellant purchased the property and
took an assignment of the lease, as is said. The lease con-
tained a provision that in case of a sale of the premises the
tenant, upon written notice, would vacate, and such notice
was given by Smith on September 3d, 1925, requiring him to
vacate on or before December 12th, 1925. The tenant, appel-
lee, did vacate and remove from the premises November 12th,
1925.

The contention of the tenant, appellee, is that in May, 1925, he and Smith, the then owner, entered into a new agreement, by parol, that he would rent the dwelling or apartment only, at a rental of $25 per month from May 12th, 1925, and that then Smith, the owner, would rent the store, and did so rent it from May 12th, 1925, to one Degler at $15 per month. That the last payment of rent made by appellee was October 12th, 1925, and that he vacated the apartment on November 12th, 1925, pursuant to the before-mentioned notice from Smith so to do. That by agreement with the owner, appellee collected for him the rent of the store and paid over to him such rent so collected as well as the rent for his apartment. Degler, the occupant of the store, testified that in April, 1925, he entered into an agreement with Smith, the then owner, to rent the store at $15 per month, commencing May 12th, 1925.

In rebuttal of this testimony of Degler, evidence was produced of an alleged admission by Degler that he had rented the store from the appellee and not from Smith. It was also stipulated that the store was used for election purposes by Atlantic City in June and November, and the check from the city for such use was to the order of appellee, who contends that he turned it over to Degler.

Files of a proceeding in the Atlantic City District Court, being the same court in which the present proceeding was brought and heard, between the same parties, were offered and admitted, showing that such action was for rent due as claimed herein and that judgment for possession was entered against appellee by default. Such action was in April, 1926. The present action was commenced August 31st, 1926.

The first contention of appellant is that the evidence as to the new letting by parol was improper as it varied the terms of a written lease and such agreement was without consideration.

These contentions are without legal merit.

Contracts of this character not being required to be in writing, the parties may by parol cancel them, or alter or supplement them or make a new contract. *Headley* v. *Cavileer*, 82 *N. J. L.* 635. On a finding of fact favorable to de-

fendant the case would show substantially a surrender of the former lease by operation of law and a reletting of part of the original premises on different terms, by parol.

The remaining grounds appear to be that there was no evidence to support the judgment and that upon the evidence submitted the judgment should have been for appellant.

While there was a conflict of evidence there was proof supporting the finding of the trial judge and it was for him to pass upon the truth thereof and the weight of the evidence.

Such being the situation his finding will not be disturbed by this court.

The judgment below is affirmed, with costs.